Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
Joseph Andelin, Esq. (SBN 274105)
jandelin@fishiplaw.com
Fish & Tsang, LLP
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone: 949-943-8300
Facsimile: 949-943-8358

Attorneys for Plaintiff, The Parallax Group International, LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, THE SOUTHERN DIVISION

| | |
|---|---|
| The Parallax Group International, LLC, a California corporation,<br><br>        Plaintiff,<br><br>                        v.<br><br>Greatmats.com Corporation, a Wisconsin corporation,<br><br>        Defendant. | **Civil Action No.** 8:16-cv-927<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1.   Plaintiff, by and through its attorneys of record, alleges as follows:

**PARTIES**

2.   Plaintiff, The Parallax Group International, LLC ("Parallax"), is a corporation organized and existing under the laws of the State of California, with a place of business at 65 Enterprise 3rd Floor, Aliso Viejo, CA 92656.

3.   Upon information and belief, Defendant, Greatmats.com Corporation ("Greatmats.com" or "the Defendant"), is a wholly owned corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 117 Industrial Ave, Milltown, WI 54858.

**SUBJECT MATTER JURISDICTION**

4.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**BACKGROUND**

5.   Parallax protects its technologies through a broad range of intellectual property rights.

6.   Among the patents that Parallax has been awarded are the patents listed below, to which Parallax owns all rights, title, and interest.

| Patent Number | Title |
|---|---|
| US 9,289,085 (the '085 patent) | Floor Matting |
| US D532,238 (the '238 patent) | Floor Matting |
| US D543,764 (the '764 patent) | Resilient Mat |

**COUNT ONE:  INFRINGEMENT OF THE '085 PATENT BY GREATMATS.COM**

7.   Plaintiff re-alleges and incorporates the allegations of paragraphs 1-6.

8.   The '085 patent is valid and enforceable.

9.   Plaintiff actively markets and sells throughout the United States products that embody at least claim 1 of the '085 patent.

10.   Upon information and belief, and in violation of 35 U.S.C. § 271, Greatmats.com has infringed the '085 patent through direct infringement and infringement under the doctrine of equivalents.

11.   Since at least October 28, 2006, Greatmats.com has offered for sale, sold, used, manufactured, or imported floor mats that infringe the '085 patent.

12.   Greatmats.com has also offered for sale, sold, used, manufactured, or imported at least the following infringing floor mats in the United States: the Home Sport and Play Mat, the Martial Arts Karate Mat Premium mats, the Grappling MMA Mats, the Judo Mats Lite mats, the Home MMA BJJ Mats, the Home Karate Sport Foam Tile mats, the Pro Martial Arts Mats Sport mats, the Rustic Wood Grain Foam Tile mats, the SoftFloors Economy Reversible Foam Tile mats, the SoftTuff Gym Floor Protect mats, and the Home Tatami Sport Tile mats ("the '085 Infringing Products"), with exemplary depiction of some of the '085 Infringing Products found in Exhibit 1, attached.

13.   Specifically, the '085 Infringing Products infringe the subject matter protected by claim 1 of the '085 patent.

14.   Some of Greatmats.com's acts constituting infringement of claim 1 of the '085 patent are detailed in Exhibit 2, attached.

15.   Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '085 patent.

16.   As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial.

17.   Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

18.   Greatmats.com continues to offer for sale, sell, use, manufacture, or import floor mats that infringe the '085 patent.

19.   Unless the Defendant is enjoined by this Court from continuing its infringement of the '085 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Plaintiff is entitled to an injunction against further infringement.

COMPLAINT FOR PATENT INFRINGEMENT

20.   Upon information and belief, the Defendant had constructive notice of the '085 patent at least as of May 19, 2016.

21.   Parallax has offered for sale and sold products embodying and bearing the mark of the '085 patent on its website, www.norsk-stor.com, since at least May 19, 2016.

**COUNT TWO:  INFRINGEMENT OF THE '238 PATENT BY GREATMATS.COM**

22.   Plaintiff re-alleges and incorporates the allegations of paragraphs 1-6.

23.   The '238 patent is valid and enforceable.

24.   Plaintiff actively markets and sells throughout the United States products that embody the design claimed by the '238 patent.

25.   Upon information and belief, and in violation of 35 U.S.C. § 271, Greatmats.com has infringed the '238 patent through direct infringement and infringement under the doctrine of equivalents.

26.   Since at least December 8, 2006, Greatmats.com has offered for sale, sold, used, manufactured, or imported floor mats that infringe the '238 patent.

27.   Greatmats.com has also offered for sale, sold, used, manufactured, or imported at least the following infringing floor mats in the United States: the Geneva Interlocking Rubber Tile mats, the Interlocking Rubber Tile Black mats, the Geneva Rubber Tile Black mats, the Rubber Tile Utility mats, the Geneva Rubber Tile 10% Color mats, the Geneva Rubber Tile 20% Color mats, the Interlocking Rubber Tile Color mats, the Interlocking Rubber Tile 10% Color mats, the Interlocking Rubber Tile 20% Color mats, the Interlocking Punter Top mats, the SoftRubber Floor Gym Tile mats, the Comfort Tile Designer Wood Grain mats, the Comfort Tile Designer Wood Grain Center Tile mats, the Comfort Tile Designer Wood Grain Kit Beveled Edges mats, the Comfort Carpet Tile Kit Beveled Edges mats, the Comfort Carpet Tile Center Tile mats, the Rustic Wood Grain Foam Tile mats, the SoftCarpet Tile mats, the Subfloor Dance Studio Elite mats, the Dense Foam Mats, the Aerobic Flooring Pro Tile mats, the BestGym Rubber Tile Interlocking mats, the Eco Interlocking Carpet Tiles mats, the Foam Floor Mats Premium mats, the Foam Mats Economy mats, the Foam Tiles Wood Grain mats, the Home Gym Mats Pebble mats, the Pebble Top Foam Gym Floor Tile mats, the Play Mats

3

Foam Puzzle Tile 4 Pack mats, the Royal Interlocking Carpet Tile mats, the SoftWoods Foam Tiles mats, and the Sport Plus Designer Foam Tile mats ("the '238 Infringing Products"), with exemplary depiction of some of the '238 Infringing Products found in Exhibit 3, attached.

28.   The '238 Infringing Products and, on information and belief, other products sold, offered for sale, manufacture, or imported by Greatmats.com, are the same, or are substantially identical to, the design claimed in the '238 patent.

29.   An ordinary observer with an understanding of the relevant prior art in the floor mat industry would believe the '238 Infringing Products and, upon information and belief, other products sold, offered for sale, manufactured, or imported by Greatmats.com, are substantially the same as the design claimed by the '238 patent.

30.   Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '238 patent.

31.   As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial.

32.   Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

33.   Greatmats.com continues to offer for sale, sell, use, manufacture, or import floor mats that infringe the '238 patent.

34.   Unless the Defendant is enjoined by this Court from continuing its infringement of the '238 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Plaintiff is entitled to an injunction against further infringement.

35.   Upon information and belief, the Defendant had constructive notice of the '238 patent at least as early as May 20, 2010.

36.   In addition, Parallax has offered for sale and sold products embodying and bearing the mark of the '238 patent on its website, www.norsk-stor.com, or in retail locations since at least May 20, 2010.

**COUNT THREE:  INFRINGEMENT OF THE '764 PATENT BY GREATMATS.COM**

37.   Plaintiff re-alleges and incorporates the allegations of paragraphs 1-6.

COMPLAINT FOR PATENT INFRINGEMENT

38.   The '764 patent is valid and enforceable.

39.   Plaintiff actively markets and sells throughout the United States products that embody the design claimed by the '764 patent.

40.   Upon information and belief, and in violation of 35 U.S.C. § 271, Greatmats.com has infringed the '764 patent through direct infringement and infringement under the doctrine of equivalents.

41.   Since at least December 8, 2006, Greatmats.com has offered for sale, sold, used, manufactured, or imported floor mats that infringe the '764 patent.

42.   Greatmats.com has also offered for sale, sold, used, manufactured, or imported at least the following infringing floor mats in the United States: the Geneva Interlocking Rubber Tile mats, the Interlocking Rubber Tile Black mats, the Geneva Rubber Tile Black mats, the Rubber Tile Utility mats, the Geneva Rubber Tile 10% Color mats, the Geneva Rubber Tile 20% Color mats, the Interlocking Rubber Tile Color mats, the Interlocking Rubber Tile 10% Color mats, the Interlocking Rubber Tile 20% Color mats, the Interlocking Punter Top mats, the SoftRubber Floor Gym Tile mats, the Comfort Tile Designer Wood Grain mats, the Comfort Tile Designer Wood Grain Center Tile mats, the Comfort Tile Designer Wood Grain Kit Beveled Edges mats, the Comfort Carpet Tile Kit Beveled Edges mats, the Comfort Carpet Tile Center Tile mats, the Rustic Wood Grain Foam Tile mats, the SoftCarpet Tile mats, the Subfloor Dance Studio Elite mats, the Dense Foam Mats, the Aerobic Flooring Pro Tile mats, the BestGym Rubber Tile Interlocking mats, the Eco Interlocking Carpet Tiles mats, the Foam Floor Mats Premium mats, the Foam Mats Economy mats, the Foam Tiles Wood Grain mats, the Home Gym Mats Pebble mats, the Pebble Top Foam Gym Floor Tile mats, the Play Mats Foam Puzzle Tile 4 Pack mats, the Royal Interlocking Carpet Tile mats, the SoftWoods Foam Tiles mats, and the Sport Plus Designer Foam Tile mats ("the '764 Infringing Products"), with exemplary depiction of some of the '764 Infringing Products found in Exhibit 3, attached.

43.   The '764 Infringing Products and, on information and belief, other products sold, offered for sale, manufacture, or imported by Greatmats.com, are the same, or are substantially identical to, the design claimed in the '764 patent.

44. An ordinary observer with an understanding of the relevant prior art in the floor mat industry would believe the '764 Infringing Products and, upon information and belief, other products sold, offered for sale, manufactured, or imported by Greatmats.com, are substantially the same as the design claimed by the '764 patent.

45. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendant also contributed to or induced infringement of claim 1 of the '764 patent.

46. As a direct and proximate result of the Defendant's acts of infringement, Plaintiff suffered damages in an amount according to proof at trial.

47. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

48. Greatmats.com continues to offer for sale, sell, use, manufacture, or import floor mats that infringe the '764 patent.

49. Unless the Defendant is enjoined by this Court from continuing its infringement of the '764 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

50. Upon information and belief, the Defendant had constructive notice of the '764 patent at least as early as May 20, 2010.

51. In addition, Parallax has offered for sale and sold products embodying and bearing the mark of the '764 patent on its website, www.norsk-stor.com, or in retail locations since at least May 20, 2010.

## PRAYER FOR RELIEF

Plaintiff Parallax prays for judgment and relief as follows:

A) Judgment that the '085, '238, and '764 patents are valid and enforceable;

B) Judgment that the Defendant, its directors, officers, employees, attorneys, and agents, and all those persons acting in active concert or in participation with them, and their successors and assigns, be enjoined from further acts that infringe, contributorily infringe, or induce infringement of the '085, '238, and '764 patents pursuant to 35 U.S.C. § 283;

COMPLAINT FOR PATENT INFRINGEMENT

C) Judgment that the Defendant be ordered to pay damages adequate to compensate Parallax for infringement of the '085, '238, and '764 patents pursuant to 35 U.S.C. § 284, together with interest, including pre-judgment interest from the date infringement of each of the patents began;

D) Judgment that the Defendant directly committed, induced, or contributed to willful infringement of the '085, '238, and '764 patents and that the Defendant be ordered to pay treble damages pursuant to 35 U.S.C. § 284;

E) Judgment that the Defendant be ordered to pay all costs and expenses incurred by Parallax associated with this action pursuant to 35 U.S.C. § 284;

F) Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Parallax's attorney fees associated with this action pursuant to 35 U.S.C. § 285; and

G) Judgment that Parallax be granted any other relief as this Court finds just and proper, including enhanced damages.

## DEMAND FOR JURY TRIAL

52.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

FISH & TSANG, LLP

Dated: May 20, 2016

By:   /s/Joseph A. Andelin
Joseph A. Andelin, Esq.
Attorneys for Plaintiff
Parallax, Inc.